IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:11-00082 |
| | ) | Judge Trauger |
| | ) | |
| [2] BETTY KATHERINE GENTRY and | ) | |
| [16] TODD ARKALUS BRYANT | ) | |

**O R D E R**

A second status conference was held in this case on December 14, 2012. It is hereby **ORDERED** that a third status conference to further discuss defendant Gentry's motions for a competency hearing (Docket No. 1208) and to continue the trial (Docket No. 1207) shall be held on Wednesday, December 19, 2012, at 1:30 p.m.

This defendant was severed from the other defendants in this case by Order entered October 5, 2011 (Docket No. 422) because he was in fugitive status. Defendant Bryant was finally arrested in September 2012 and was ordered detained on September 20, 2012 (Docket No. 1054). At that time, three of the remaining defendants were scheduled for trial on October 23, 2012, and defendant Betty Gentry had been severed (Docket No. 1047) and set for trial on January 8, 2013 (Docket No. 1048), due to the unavailability of her counsel, who would be involved in another trial. Counsel for defendant Bryant informed Judge Trauger's chambers that he would not be ready for trial on October 23, 2012, and his office stated that he would be filing a written waiver of speedy trial. Therefore, the court set defendant Bryant for trial along with Betty Gentry. The ends of justice were served by setting defendant Bryant for trial with defendant Gentry, in that, at that point, the government was anticipating that each trial was going

1

to take three weeks. As it turned out, the first trial lasted from October 23 through November 16, 2012, a week longer than anticipated. Defendant Bryant never filed his written waiver of speedy trial, as his counsel's office assured Judge Trauger's chambers he would, and the court inadvertently did not notice that failure. Any delay in the trial of defendant Bryant is excludable under 18 U.S.C. § 3161(h)(7)(A), in that the ends of justice served by joining defendant Bryant for trial with the only remaining defendant to be tried in this complex case with a second anticipated lengthy trial outweigh the best interest of the public and defendant Bryant in a speedy trial.

It is so **ORDERED**.

ENTER this 14th day of December 2012.

_____
ALETA A. TRAUGER
U.S. District Judge