UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 3:11cr00082-2** |
| | ) | **Judge Aleta A. Trauger** |
| **[2] BETTY KATHERINE GENTRY,** | ) | |
| | ) | |

## CONSENT ORDER OF FORFEITURE CONSISTING OF A $34,000.00 MONEY JUDGMENT

Based on the representations and agreements of the Government and Defendant Betty Katherine Gentry, at the plea hearing in this matter, as evidenced by the plea agreement entered into between the parties and their signatures below, the Court finds as follows:

**WHEREAS,** on July 5, 2012, the Government filed a twelve count Second Superseding Indictment charging Defendant Betty Katherine Gentry, and others, in pertinent part at Count Five, with violation of 21 U.S.C. § 856 (drug trafficking);

**WHEREAS,** the Notice of Forfeiture Allegation gave notice pursuant to 21 U.S.C. § 853 that upon conviction of the offense of 21 U.S.C. § 856 (maintaining a drug house ) as alleged in Count Five, Defendant Betty Katherine Gentry, shall forfeit to the United States, any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Count Five, property which was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense alleged in Count Five. The property to be forfeited includes but is not limited to the following:

a. A money judgment of at least $750,000.00 United States currency representing the amount of proceeds obtained as a result of such offense; and

b.   Certain Real Property which was used to commit or facilitate the commission of the offense alleged in Count Five, and which is located at 1126 Turner Road, Prospect, Tennessee and described more fully in the Notice of Forfeiture Allegation

**WHEREAS,** the forfeiture allegation of the Second Superseding Indictment also gave notice to Defendant Betty Katherine Gentry that in the event the forfeitable property as a result of any act or omission of Betty Katherine Gentry:

a.   cannot be located upon the exercise of due diligence;
b.   has been transferred or sold to, or deposited with, a third party;
c.   has been placed beyond the jurisdiction of the court;
d.   has been substantially diminished in value; or
e.   has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c) to seek forfeiture of any other property of Defendant Betty Katherine Gentry up to $750,000.00;

**WHEREAS,** Defendant Betty Katherine Gentry acknowledges that she is the owner of real property at 1126 Turner Road, Prospect, Tennessee and that said property is subject to forfeiture because it was knowingly and intentionally made available for use by Travis Gentry, with or without compensation, for the purpose of unlawfully manufacturing, storing, and distributing a controlled substance in violation of 21 U.S.C. § 856.

**WHEREAS,** Defendant Betty Katherine Gentry has entered into a Plea Agreement with the United States wherein she has pled guilty to Count Five of the Second Superseding Indictment, and agreed to the entry of Consent Order of Forfeiture consisting of a Money Judgment in the amount of $34,000.00 in lieu of forfeiture of real property at 1126 Turner Road, Prospect, Tennessee, and the Court has accepted the Plea Agreement;

**WHEREAS,** $34,000.00 is subject to forfeiture because these funds are property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offenses alleged in Count One of the Second Superseding Indictment;

**WHEREAS,** Defendant Betty Katherine Gentry, via her Plea Agreement and her signature below, acknowledges that she has not identified specific assets that were derived from the $34,000.00 in proceeds attributable to the offenses for which she has pled guilty, and agrees, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1), to the entry of a money judgment in the amount of $34,000.00;

**WHEREAS,** Defendant Betty Katherine Gentry, via her Plea Agreement and her signature below, acknowledges that as a result of her own act(s) or omission(s), the $34,000.00 in proceeds obtained as a result of the drug trafficking offenses alleged in Count Five of the Second Superseding Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property;

**WHEREAS,** Defendant Betty Katherine Gentry agrees, via her Plea Agreement and her signature below, that the $34,000.00 United States currency Money Judgment will be satisfied and discharged as follows:

a.  Defendant Betty Katherine Gentry will pay $24,000.00 United States currency to the United States Marshals Service in certified funds on the last Monday prior to the date set for sentencing in this matter and that said funds will be disposed of according to law;

b.  upon payment of $24,000.00 in certified funds to the United States Marshals Service, the United States will file a Partial Satisfaction of Judgment in this matter acknowledging receipt of the partial payment of $24,000.00 and reducing the amount owing under this Consent Order of Forfeiture to $10,000.00;

c.  after payment of the $24,000.00 in certified funds to the United States Marshals Service, the United States will file a Promissory Note in the amount of $10,000.00 against defendant's real property commonly described as 1126 Turner Road, Prospect, Tennessee 38477 as substitute property and more fully described as:

> Lying and being in the 3rd Civil District of Giles County, Tennessee and located on the Bethel and Athens Road running North and South 117 feet and East and West 75 feet and being generally bounded North, South and Est by Legg and East by Bethel and Athens Road; further grantee shall have the right to use the adjoining land and sewer tank field lines.
>
> Being a portion of the same property acquired by Betty Gentry by deed of record in Giles County Register of Deeds Deed Book 213, pages 297-298 on May 24, 1979.

(hereinafter "Subject Property") with the Giles County Register of Deeds; and

d. the remaining $10,000.00 shall be paid to the United States Marshal Service in increments of $50.00 per month. Said payment will be made on the first day of every month beginning the first month after sentencing. If payment is not made, the property is subject to default and foreclosure. Said $10,000.00 Promissory Note will remain in place against the Subject Property until such time as the $10,000.00 is paid to the United States Marshals Service, whichever is earlier, and the Consent Order of Forfeiture consisting of a $34,000.00 Money Judgment has been satisfied in full.

WHEREAS, upon full satisfaction of the $34,000.00 United States Currency Consent Order of Forfeiture, the United States will file a Satisfaction of Judgment with the Court in this matter and will file a Release of Lien Lis Pendens with the Giles County Register of Deeds;

WHEREAS, payment by other co-defendants of Money Judgments against those co-defendants does not work to reduce Betty Gentry's obligation;

WHEREAS, further, in consideration of these plea negotiations, defendant agrees that the $34,000 United States Currency Consent Order of Forfeiture is not dependent on her criminal conviction and is a binding contract independent thereof; and

**WHEREAS,** Defendant Betty Katherine Gentry agrees, via her Plea Agreement and her signature below, that the United States shall be entitled to a $10,000.00 lien against the Subject Property in lieu of forfeiture of the Subject Property and as substitute property:

Now, therefore, upon the agreement of the parties, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1. There is a preponderance of the evidence that the proceeds of the offense to which Defendant Betty Gentry has pled guilty in this matter is at least $34,000.00.

2. $34,000.00 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the wire fraud as charged in Counts One of the Indictment, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant Betty Gentry's act(s) or omission(s), the $34,000.00 in proceeds obtained as a result of the offenses to which Defendant Betty Gentry has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $34,000.00.

4. A money judgment in the amount of $34,000.00 is hereby taken against Defendant Betty Gentry.

5. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** on this, the 9th day of Oct., 2013.

_____
United States District Judge

APPROVED FOR ENTRY:

DAVID RIVERA
Acting United States Attorney
Middle District of Tennessee

_____
Debra Teufel Phillips, BPR 011706
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
615-736-5151
Attorneys for the United States of America

_____
Defendant Betty Gentry

_____
Deanna Bell Johnson
P O Box 2494
Brentwood, TN 37027
(615) 403-6622
Attorney for Defendant Betty Gentry